IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Judge Charles M. Walker |
| **AMARILLO PLATINUM, LLC;** | ) |
| **MIDLAND PLATINUM, LLC;** | ) Case No. 3:24-bk-02447 |
| **MIDLAND PLATINUM II, LLC;** | ) Case No. 3:24-bk-02448 |
| | ) Case No. 3:24-bk-02449 |
| Debtors. | ) |
| | ) JOINT ADMIN REQUESTED |

## CONSOLIDATED COMPANY PROFILE

The above-captioned debtors (the "Debtors") hereby file this statement of the Debtors' company profile[1] in support of pleadings to be filed in these cases. To avoid unnecessarily lengthy motions that recite the Debtors' profile and background, the Debtors intend to reference and incorporate this company profile in current and future motions.

## PROFILE OF THE DEBTORS

The Debtors are three limited liability companies, each of which operates a single limited-service hotel. The Debtor hotels are part of a larger family of hotels under the umbrella name "Platinum" operating in Tennessee, Texas, and Florida. The hotel entities are majority owned by Mitul ("Mitch") Patel. These Debtors operate under the following brands in the following locations:

1. **Amarillo Platinum, LLC**: This Debtor is a hotel with 102 guest rooms and one meeting room. It operates under a franchise agreement with Marriott International Hotels under its "Springhill Suites by Marriott" brand. It is located at 2301 Cinema Drive, Amarillo, TX 79124.

---

[1] The Debtors expressly reserve the right to supplement and amend this profile. It is based on information available to counsel at the time of filing.

2. **Midland Platinum, LLC**: This Debtor is a hotel with 79 rooms. It operates under a franchise agreement with Hilton Hotels under its "Hampton Inn" brand. It is located at 5011 W. Loop 250 N., Midland, TX 79707.

3. **Midland Platinum II, LLC**: This Debtor a hotel with 97 guest rooms, a meeting room, and a full-service restaurant. It operates under a franchise agreement with Marriott International Hotels under its "Courtyard by Marriott" brand. It is located at 1505 Tradewinds Boulevard, Midland, TX 79706.

Though these hotels are located in Texas, this Court has the jurisdiction—along with the expertise and familiarity—to handle these cases. Two reasons give rise to venue. First, Amarillo Platinum, LLC is a Tennessee limited liability company, with Midland Platinum, LLC and Midland Platinum II, LLC being affiliate cases thereof. Second, each of the Debtors' cases are affiliates with the jointly administered cases currently pending before this Court, at Case No. 3:23-bk-03592 (*In re Lebanon Platinum, LLC et al.*) (the "Affiliate Cases"). The Debtors in the Affiliate Cases (the "Affiliate Debtors") share common ownership, have similar operations, and faced similar obstacles as the Debtors, which is discussed in greater detail below.

A. **Issues Creating the Need for Reorganization**

The specific reason for filing now is that the Debtor's senior secured lender has scheduled a foreclosure sale for each of the Debtors' hotel assets for July 2, 2024. This necessitated filing on an emergency basis. However, the Debtors' issues with its senior secured lender evidence a more systemic issue, which the Debtors intend to resolve through this reorganization. Before the Petition Date, the Debtors faced certain operational hurdles caused by the Covid-19 pandemic. These effects were not unique to the Debtors, as almost every business in the hospitality space faced these

2

issues. The Debtors struggled to staff the hotels or fill the rooms during this period, which impacted the Debtors' operations, cash flow, and ability to service debts.

Additionally, the Debtors suffered unique challenges given their location. The Debtors' hotels are located in west Texas. While the Amarillo hotel does more diverse business, the two Midland hotels cater almost exclusively to business travelers in the oil and gas industries. Those industries have suffered serious setbacks in the past five years, which has resulted in a dramatic decline in occupancy rates and substantially reduced the value of these hotel assets.

More significant than the operational issues, however, was the lack of funds needed for capital maintenance and improvements. The Debtors' franchise agreements generally require significant capital improvements to the hotel properties—both during the term of a franchise agreement and for extension or renewal—as a condition of continued operations under the "flag" of the franchisor. The Debtors were unable to access the capital needed to fund these improvements, known in the industry as "physical improvements to property," or "PIPs." This jeopardized the Debtors' ongoing relationships with their franchisor partners. Because the franchise relationship is essential to the Debtors' revenue, a termination of a franchise relationship without an alternative plan to associate with a new flag created a threat to the Debtors' ongoing operations.

The day-to-day operational issues were not the Debtors' only threats. Each of the Debtors utilized financing provided by Community First Bank and Trust in Columbia, TN—the predecessor to Reliant Bank and later United Community Bank ("CFB"). The Debtors had a long and productive relationship with CFB and its officers.

That changed in 2019, when the senior secured indebtedness against the hotels in favor of CFB matured. Rather than refinance, as the Debtors reasonably expected to do, CFB instead sold

3

Case 3:24-bk-02448    Doc 4    Filed 07/02/24    Entered 07/02/24 10:28:10    Desc Main
Document      Page 3 of 5

the debt—presumably at a steep discount—to a debt trust, LBC2 Trust, managed by a private debt management firm known as Willow River Capital Management, LLC ("Willow River"). The Debtor sought to develop a plan and foster a long-term debtor/creditor relationship, though Willow River was presumably focused on maximizing the return on its deal in a vacuum. The Debtors entered into loan modifications with costly effects, including non-monetary default provisions and rapid maturity dates. For example, the Debtors originally borrowed $22,000,000.00 between 2016 and 2017 from CFB, which carried an interest rate of 4.5%. As of July 2022, that balance totaled $33,137,238.43, which was recapitalized as principal, and which was to be paid at prime plus a 0.5% margin—or a 9% annual interest rate. This increase of more than $11,000,000.00 to the loans' principal balance, and doubling of the interest rate, hamstrung the Debtors. When the Debtors could not pay this debt as it came due, Willow River noticed a foreclosure sale, which forced the Debtors to file these cases on an emergency basis the day before the scheduled sale.

B. **Path Forward to Reorganization**

Though these cases were filed on an emergency basis, the Debtors have a path forward—both in the short term and the long term. In the short term, the Debtors intend to carry forward what they have learned from the Affiliate Cases. They are seeking employment of the same legal counsel and independent restructuring advisory firm.[2] They are also likely to retain Banyan Tree Management, LLC d/b/a Aperture Hotels ("Aperture") to take over day-to-day management and operations at each of the Debtors, as Aperture has demonstrated a record of success in this role for the Affiliate Debtors. NHCG and its Director of Operations, Manoj. Patel, is incredibly experienced, credentialed, and best suited to assist with the Debtors' reorganization. He has been

---

[2] Contemporaneously herewith, the Debtors are filing an application to approve the Debtors' retention of (a) Dunham Hildebrand Payne Waldron, PLLC as counsel for the Debtors, and (b) National Hospitality Consulting Group, and its principal, Manoj Patel, as the Debtors' independent restructuring and general business advisory firm with authority to act on behalf of the Debtors.

4

assisting the Debtors since prior to the Petition Date. Due to the Affiliate Cases, he is familiar with the requirements of this Court and the United States Trustee and will ensure the smooth operation of these cases.

The Debtors, with the help of the third-party professionals they seek to retain, intend to propose confirmable plans of reorganization for each hotel. The Debtors are confident that they can propose detailed operational budgets and feasibly operate pursuant thereto. Their goal is to stabilize operations, ensure consistent positive cash flow, procure funding for—and complete— the necessary PIP obligations at each hotel, then propose and confirm a plan that complies with 11 U.S.C. § 1129 and provides a superior return to all creditors and stakeholders than a liquidation.

Respectfully submitted,

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand, IV
Gray Waldron
R. Alex Payne
DUNHAM HILDEBRAND PAYNE WALDRON, PLLC
9020 Overlook Boulevard, Suite 316
Brentwood, TN 37027
615.933.5851
ned@dhashville.com
*Counsel for the Debtors*

## CERTIFICATE OF SERVICE

On July 2, 2024, this document was electronically served on all parties consenting to the Court's CM/ECF system and served via regular mail on (i) Debtors' 20 largest unsecured creditors; (ii) all of Debtors' secured creditors; (iii) the Office of the United States Trustee; and (iv) all other parties who have filed a request for written notice.

/s/ Henry E. ("Ned") Hildebrand, IV
Henry E. ("Ned") Hildebrand, IV